■ Anthony Rella, Respondent-Appellant, v Leo Greco et al., Appellants-Respondents, et al., Defendants. [737 NYS2d 870] —In an action, inter alia, to recover damages for unjust enrichment and breach of fiduciary duty, (1) the defendant Leo Greco appeals from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated December 11, 2000, as denied that branch of his motion which was for summary judgment dismissing the fifth cause of action insofar as asserted against

him, (2) the defendants Harvey Peck, Harry Boltin, Lewis M. Bobroff, Ramapo Radiology, P.C., Suffern Radiology, P.C., Orange Radiology, P.C., East Westchester Radiology, P.C., Andrew Rosenthal, The Andrew Rosenthal Alaska Trust, The Harvey M. Peck Alaska Trust, The Harry N. Boltin Alaska Trust, Melvin Sevach, Andrew Schecter, Marvin Weingarten, Robert Tash, Denise Leslie, M.R.I. Diagnostics of Rockland Inc., M.R.I. Diagnostics of Orange, Inc., and M.R.I. Diagnostics of Westchester, Inc., separately appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the plaintiff's second, third, fourth, and fifth causes of action insofar as asserted against them, and (3) the plaintiffs cross-appeal from so much of the same order as granted that branch of the motion of the defendant Leo Greco which was for summary judgment dismissing the first cause of action insofar as asserted against him.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff's first cause of action alleged breach of fiduciary duty, resulting in the termination of the agreements between the parties. Those agreements expired in 1997 pursuant to their terms. Therefore, the termination of those agreements may not be attributable to breaches of fiduciary duty, and the Supreme Court properly granted summary judgment dismissing the first cause of action.

In his fifth cause of action, the plaintiff demanded the fair value of his shares in the dissolved corporations. The measure of damages with respect to the fifth cause of action is not before us on this appeal.

The parties' remaining contentions are without merit. Goldstein, J.P., Friedmann, McGinity and H. Miller, JJ., concur.